IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CLEAR SKIES NEVADA, LLC**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 5741 |
| | ) | |
| **DOES 1 -14**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This copyright infringement action by Clear Skies Nevada, LLC ("Clear Skies") has recently been assigned to this Court's calendar under the computerized random assignment system in effect in this District Court.[1] This memorandum order is issued sua sponte to address an issue as to the propriety of Clear Skies having joined 14 defendants in the same lawsuit.

When this Court first encountered the BitTorrent phenomenon, it came in the context of an action in which the plaintiff had sought to sue no fewer than 300 "Doe" defendants -- a ploy that if successful would have cost the client plaintiff just one $400 filing fee, rather than the $120,000 amount that would have been incurred if each "Doe" defendant had been sued individually. But happily this Court was blessed with a visit from the fabled Prince of Serendip: One of its two excellent law clerks at the time was Beverly Klein, a recent graduate of the

---

[1] Although the Complaint and this action were filed two weeks ago, Clear Skies' counsel have just delivered the judge's copy of the Complaint to this Court's chambers (even though that unexplained delay is a violation of this District Court's LR 5.2(f) and of the corollary instructions at the outset of this Court's website, no sanction will be considered for such delinquency).

University of Michigan who had been the Law Review editor assigned the rewrite responsibility for a student note dealing with just that subject.

At that time the Law Review issue scheduled to contain the student note was still at the printer awaiting publication, but through the good offices of its law clerk this Court was provided the galley proofs and found the article to be extremely well done and entirely persuasive. Attached to this memorandum order is a copy of a memorandum written later in a different case brought by prolific plaintiff Malibu Media, LLC -- a memorandum that reprinted a key excerpt from the excellent article. As that attached memorandum reflects, by the time of its issuance in November 2012 the article had reached the publication stage.

This Court has had a substantial number of such BitTorrent cases to deal with since then, and it has consistently applied the principle reflected in the attached memorandum's quoted excerpt from the article. In this instance Clear Skies' Complaint Ex. B discloses that all of the 14 Doe defendants in this case had the same "hit date" -- April 4, 2015 -- but that the times ascribed to those hits spanned a bit more than 12 hours on that date.

This Court freely acknowledges that it lacks the technical knowhow to determine just how many hours' separation in time should be allowed to justify the joinder of defendants. Accordingly it will await prompt input from Clear Skies' counsel on that score before authorizing this action to go forward in its current form.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2015

IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

**MALIBU MEDIA, LLC**,           )
                                 )
                  Plaintiff,     )
                                 )
         v.                      )     Case No.  12 C 7578
                                 )
**JOHN DOES 1-25**,              )
                                 )
                  Defendant.     )

## MEMORANDUM

      At yesterday's motion call counsel for plaintiff Malibu Media, LLC ("Malibu") presented its Motion for Leave To Serve Third Party Subpoenas Prior to a Rule 26(f) Conference.  This Court advised Malibu's counsel that the just-published issue of the Michigan Law Review had included a comprehensive and well-informed student note ("The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits," 111 Mich. L. Rev. 283 (2012)) that dealt directly with the problems posed by this and similar lawsuits targeting multiple "John Doe" defendants.  In particular, this Court read for the record this excerpt from pages 292-93 of Volume 111, with footnotes omitted and emphasis in original:

> When considering whether John Does have been properly joined, judges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm <u>at the same time as one another</u>.  If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action.  Generally, this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time.  Rather, the plaintiff would have to show that all the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all the defendants were present in the swarm at the same time.  Such a time period would usually span hours rather than days or months.

      Although this Court was scarcely certain (or even well-informed) on the subject, it

surmised that either the ISP or BitTorrent or both must have information not only as to the identity of each Doe defendant but also as to the time when each came onto the scene. As this Court viewed the matter, if that were the case the interests of all parties could best be served by a two-stage subpoena process, with the first step inquiring solely as to the times of the asserted infringements (which would provide information as to those Doe defendants who could properly be joined under Fed. R. Civ. P. 20(a)(2)), after which a followup subpoena could obtain the information as to the identity of those properly joined Doe defendants.

Counsel then responded that she would have to go back to her client to find out whether this Court's assumption about information available as to the timing of the individual infringements was correct. But following the hearing this Court looked in depth at the materials that Malibu's counsel had provided to supplement the motion, comprising (1) a declaration by an employee of the ISP (German company IPP, Limited) from whom the information as to Illinois-based infringers was obtained, together with (2) a packet of materials from that company. Importantly that packet included the two-page attachment to this memorandum -- a document that confirms that the ISP's information indeed included the date and time of each claimed infringement (see the third column of the printout). Accordingly there is no need for Malibu's counsel to confer with her client on the subject, and this Court will await an appropriate request that (1) deals with any joinder that qualifies under the earlier-quoted standard and (2) dismisses without prejudice all John Does who are not properly subject to such joinder.

_____
  Milton I. Shadur
Date: November 16, 2012        Senior United States District Judge